536 So.2d 1054 (1988)
Willie JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1579.
District Court of Appeal of Florida, First District.
September 29, 1988.
Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
In this appeal from a denial of a petition for release from involuntary hospitalization, appellant challenges the trial court's finding that he was not yet ready for full release, but met the criteria for a limited release to the civil unit at Florida State Hospital. The trial court's decision to transfer appellant to the civil unit is affirmed because it is not "manifestly erroneous". Hill v. State, 358 So.2d 190 (Fla. 1st DCA 1978). By ordering limited release to the civil unit the trial court acted within the recommendations of the treating physicians and the suggestion of appellant's counsel.
The trial court's decision to deny appellant's alternative request for a conditional release, however, was "manifestly erroneous." It appears the trial court denied release solely because the experts could not guarantee that appellant would abstain from alcohol and take his medication if released. In such an instance our decision in Boclair v. State, 524 So.2d 467 (Fla. 1st DCA 1988) is dispositive in that the trial court should have required HRS and its hospital administrators to "share with the patient the responsibility" of producing *1055 a practical and conceivable conditional release plan providing adequate outpatient supervision, pursuant to § 916.17, Florida Statutes (1987). Only then can it determine whether appellant meets the statutory criteria for continued involuntary hospitalization. Without such a determination an order continuing appellant's involuntary hospitalization was improper. Id. at 470-471; Hill, 358 So.2d at 211.
In the instant case, the trial court neither considered nor requested evidence of an adequate release plan. However, by reason of the ongoing review of appellant by HRS it would be meaningless for the trial court to make this determination as of the November 1987 petition for release. Appellant's release to the civil unit is AFFIRMED; however, the denial of appellant's request for a conditional release is REVERSED, and the case is REMANDED to the trial court for further proceedings consistent with this opinion and based upon circumstances attending appellant's hospitalization at the time of the hearing required by this opinion.
JOANOS and WIGGINTON, JJ., concur.